UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRISCILLA SIMS, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-62 |
| | § | |
| RYNOMAN, INC. AND RYAN SEARIGHT, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Priscilla Sims and sues Defendant Rynoman, Inc. and Ryan Searight, Individually ("Defendants") and in support thereof would show unto this Honorable Court as follows:

### I.     PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Priscilla Sims worked for Defendants from December 1, 2013 through January 8, 2017 as a caregiver.

1.2      Ms. Sims brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Plaintiff, for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of

pay.

## II. JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Rynoman, Inc. because this entity conducts business in Texas and has entered into relationships with Ms. Sims in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A.    Plaintiff**

3.1     Plaintiff Priscilla Sims is an individual residing in this judicial district.

**B.    Defendants**

3.2     Defendant Rynoman, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office at 707 South Main Street, Georgetown, Texas 78626.

3.3     Defendant Rynoman, Inc. was an employer of Ms. Sims as defined by 29 U.S.C. §203(d).

3.4     Defendant Ryan Searight is an individual residing within this judicial district.

3.5     At all times relevant to this claim, Defendant Ryan Searight acted directly or indirectly in the interest of Defendant Rynoman, Inc. in relation to Ms. Sims' employment.

3.6     At all times, Defendant Ryan Searight was substantially in control of the terms and conditions of Ms. Sims' work.

3.7     Defendant Ryan Searight was an employer of Ms. Sims as defined by 29 U.S.C. §203(d).

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Rynoman, Inc. had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Ms. Sims, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Rynoman, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Ms. Sims was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide in home health care services within the State of Texas.

5.2     Defendants employed Ms. Sims during the three-year period preceding the filing of this

Complaint. Specifically, Priscilla Sims was employed from December 1, 2013 through January 2017 as a caregiver.

5.3     Ms. Sims' primary duty was to travel to the residence/facility where Defendants' customers resided to provide assistance and care.

5.4     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5     Defendants maintained and exercised the power to hire, fire, and discipline Ms. Sims during her employment with Defendants.

5.6     Ms. Sims was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.7     As the owner of Rynoman, Inc., Ryan Searight independently exercised control over the work performed by Plaintiff.

5.8     Ryan Searight is responsible for running the day-to-day operations of Defendant Rynoman, Inc.

5.9     Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., determined the wages to be paid to Plaintiff.

5.10    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., determined the work to be performed by Plaintiff and monitored and directed such work on a regular basis.

5.11    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., determined the locations where Plaintiff would work.

5.12    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., determined the hours of Plaintiff.

5.13    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., determined the

conditions of employment of Plaintiff.

5.14    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., maintained employment records on Plaintiff.

5.15    Ryan Searight, acting directly in the interest of Defendant Rynoman, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.16    Ms. Sims was a non-exempt employee under the FLSA.

5.17    Defendants paid Ms. Sims on an hourly basis.

5.18    Ms. Sims normally worked in excess of forty hours per week.

5.19    If Ms. Sims worked more than forty hours in a week, she was entitled to overtime pay.

5.20    Although Ms. Sims worked more than forty hours per week, she was not paid the required overtime premium for all hours worked over forty per week.

## VI.    CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    As a non-exempt employee under the FLSA, if Ms. Sims worked over forty hours in a workweek, Ms. Sims was entitled to an overtime premium for these hours.

6.3    Over the course of the relevant period, Ms. Sims routinely worked in excess of forty hours per week. Even though Ms. Sims worked in excess of forty hours per week, Defendants failed to pay her an overtime premium for any hours worked in excess of forty per week.

6.4    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Ms. Sims overtime compensation for all hours worked over forty per workweek.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee

pay records, including the number of hours worked per workweek by Ms. Sims.

6.6     No excuse, legal justification or exemption excuses Defendants' failure to pay Ms. Sims an overtime premium for hours worked over forty in a workweek.

6.7     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Ms. Sims is entitled to liquidated damages for such conduct.

6.8     Ms. Sims seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

Plaintiff Priscilla Sims respectfully prays that Defendants Rynoman, Inc. and Ryan Searight, Individually, be cited to appear, and that, upon trial of this matter, Ms. Sims recover the following against Defendants, jointly and severally:

- a.  Actual damages for the full amount of Ms. Sims' unpaid overtime compensation;
- b.  Liquidated damages in an amount equal to Ms. Sims' unpaid overtime compensation;
- c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;
- d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and
- e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF